Dear Ms. Adaway-Fontenot:
This office is in receipt of your Attorney General's opinion request of March 29, 2005, wherein the Westlake Police Department presented the following question as we understand it:
May the Westlake Police Department use forfeited "drug money," acquired by patrol officers, while on duty, to purchase marked patrol units?
It is the opinion of this office that the answer to your question is answered within the context of the "Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989."
The pertinent parts are as follows: "The proceeds of any sale and any monies forfeited . . . shall be deposited in the Special Asset Forfeiture Fund as established herein until disposed of pursuant to court order." LA-R.S. 40:2616 A (1) Thus, all property (drug money included) is deposited in the appropriate fund. Thus, the following excerpts answer the question more directly by addressing use of motor vehicles and how the fund should be distributed.
"If the property seized is a motor vehicle, the seizing agency may retain use of the motor vehicle for use in the course and scope of undercover surveillance and investigation of violations of the Louisiana Controlled Dangerous Substances Law." LA-R.S.40:2616 A (2). Clearly, this authorizes an agency like the Westlake police department to retain the use of any motor vehicles, if they are used in the course and scope of investigating violation of the Louisiana Controlled Dangerous Substances law.
However, it should be noted that "a motor vehicle seized may be retained for use in the course and scope of undercover surveillance and investigations for a period not to exceed six months after the forfeiture process is complete." Op.Atty.Gen., No. 99-412, March 9, 2000.
In LA R.S. 40:2616, part B, the statute explains that,
 [t]he court shall ensure the equitable distribution of any forfeited property, or of monies under and subject to the provisions of this Subsection, to the appropriate local, state, or federal law enforcement agency so as to reflect generally the contribution of that agency's participation in any of the activity that led to the seizure or forfeiture of the property or deposit of monies under and subject to the provisions of this Subsection. The office of the district attorney shall administer expenditures from the fund. The fund is subject to public audit. Money in the fund shall be distributed in the following order of priority:
 (1) For satisfaction of any bona fide security interest or lien.
 (2) Thereafter, for payment of all proper expenses of the proceedings for forfeiture and sale, including expenses of seizure, maintenance of custody, advertising, and court costs.
 (3) The remaining funds shall be allocated as follows:
 (a) Sixty percent thereof to the law enforcement agency or agencies making the seizure, such proceeds to be used in drug law enforcement, including but not limited to reward programs established by such agencies.
Thus, a law enforcement agency, or agencies, making the seizure should be equitably distributed 60% of the forfeited property after the first two priorities have been met. "Forfeited or seized monies may be used in drug enforcement, reward programs and payment of salaries of full-time and part-time drug enforcement employees, but use of the monies is strictly limited to drug enforcement activities. Op.Atty.Gen., No 03-0190, June 19, 2003.
Further, "[t]he nexus between the expenditure of drug asset forfeiture proceeds and drug law enforcement should be clearly explainable particularly under circumstances when drug asset forfeiture proceeds are being utilized by law enforcement agencies as a whole rather than solely by their narcotics divisions." Op.Atty.Gen. No. 93-753, Feb. 3, 1993
To sum, may the Westlake Police Department use forfeited "drug money," acquired by patrol officers, while on duty, to purchase marked patrol units? It is the opinion of this office that yes, Westlake Police Department may use forfeited funds for patrol units to be used by patrol officers, who have received extensive training in narcotics identification and investigation, when the patrol units are going to have a clear connection with drug enforcement activities.
I hope the foregoing Opinion has been responsive to your question.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL